# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT
## ATLANTA DIVISION

| | |
|---|---|
| ADAM SINDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) |
| | ) NO.   1:22-cv-03617-TWT |
| LATONYA COACH, JACOB CLECKNER, and KYLE BOERGER, In their individual and official capacities as Deputies of the Houston County Sheriff's Office, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ANSWER AND DEFENSES OF DEFENDANTS

COME NOW LATONYA COACH, JACOB CLECKNER, and KYLE BOERGER, Defendants in the above-styled civil action, and files this their Answer and Defenses to Plaintiff's Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiff's Complaint, and each and every paragraph set forth therein, fails to state or set forth claims against these Defendants upon which relief may be granted.

### SECOND DEFENSE

For their second defense, Defendants answer and respond to the numbered

sections and paragraphs of Plaintiff's Complaint as follows:

<u>Jurisdiction and Venue</u>

1.

Defendants deny that Defendant Cleckner is employed at Houston County Sheriff's Office. Defendants admit the remaining allegations in this paragraph.

2.

Defendants deny venue is proper in regard to Defendant Boerger. Defendants admit the remaining allegations in this paragraph.

3.

Defendants deny venue is proper in regard to Defendant Coach. Defendants admit the remaining allegations in this paragraph.

4.

Defendants admit the allegations in this paragraph.

5.

Defendants submit that the allegation in this paragraph is a legal allegation that requires no response, that this does not appear to be a renewal action, and Defendants neither admit nor deny the assertion about tolling.

## FACTUAL BACKGROUND FOR CLAIMS

6.

Defendants admit the allegations in this paragraph.

7.

Defendants deny the allegations in this paragraph.

8.

Defendants admit the allegations in this paragraph.

9.

Defendants admit that Defendant Coach called Defendants Boerger and Cleckner to require Plaintiff to lock down. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

10.

Defendants admit that Defendant Cleckner ordered Plaintiff to "lock down," meaning go to his cell. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

11.

Defendants deny the allegations in this paragraph in the form and manner alleged.

12.

Defendants admit the allegations in this paragraph.

13.

Defendants admit that Plaintiff moved to a location closer to his cell than the kiosk, but deny the remaining allegations in this paragraph in the form and manner alleged.

14.

Defendants deny the allegations in this paragraph.

15.

Defendants deny the allegations in this paragraph.

16.

Defendants deny the allegations in this paragraph.

17.

Defendants admit that Defendant Cleckner caused Plaintiff to go to the floor and Defendant Boerger supported Plaintiff from the rear in that process, preventing hard contact with the floor. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

18.

Defendants admit that Plaintiff was taken to the floor, and at some point his

head touched the concrete floor. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

19.

Defendants deny that Plaintiff's contact with the ground caused any significant injury. Defendants lack sufficient information or knowledge about whether Plaintiff had any "seizure" in the medical sense, so such allegations are deemed denied and Plaintiff is put on strict proof of same.

20.

Defendants admit that Defendant Cleckner and Defendant Boerger cuffed Plaintiff's hands. Eventually Plaintiff was dragged because he did not move on his own. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

21.

Defendants admit that Plaintiff was picked up and placed in a plastic chair. Defendants deny the remaining allegations in this paragraph.

22.

Defendants admit that Plaintiff was placed on the floor on his side by multiple officers. Defendants deny the remaining allegations in this paragraph.

23.

Defendants admit that Plaintiff was placed in a wheelchair after handcuffs were released. Defendants deny the remaining allegations in this paragraph.

24.

Defendants admit that Plaintiff slumped over the side of the wheelchair. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

25.

Defendants admit that Plaintiff got out of the wheelchair near the medical pod recreation area. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

26.

Defendants admit that officers, including Defendant Boerger, carried Plaintiff to the infirmiry for evaluation. Defendants deny the remaining allegations in this paragraph.

27.

Defendants admit that Plaintiff was placed on an examination bed in the infirmiry, at some point positioned on his side. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

28.

Defendants admit medical staff evaluated Plaintiff. Defendants deny that Plaintiff had any head injury requiring medical treatment.

29.

Defendants deny that Plaintiff sustained any significant injury from any act or omission of a Defendant. Defendants lack information or a basis to admit or deny the remaining allegations in this paragraph, so such allegations are deemed denied and Plaintiff is put on strict proof of those allegations.

30.

Defendants lack information or a basis to admit or deny the allegations in this paragraph, but deny that any Defendant had any role in some alleged delay of Plaintiff being evaluated by a doctor.

**GEORGIA STATE CLAIMS**

31.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 30 of the Complaint.

32.

Defendants admit that each acted under color of state law, that Plaintiff was

in custody, and that certain aspects of federal law, state law, and Sheriff's Office policies generally applied to detention officers at the time of this incident. Defendants deny the remaining allegations in this paragraph in the form and manner alleged.

33.

Defendants deny the allegations in this paragraph.

34.

Defendants deny the allegations in this paragraph.

35.

Defendants deny the allegations in this paragraph.

36.

Defendants deny the allegations in this paragraph.

## FEDERAL CLAIMS AGAINST DEFENDANTS

37.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 36 of the Complaint.

38.

Defendants acknowledge the nature of Plaintiff's claims, but deny that

Plaintiff can establish any meritorious claim against any Defendant.

39.

Defendants admit the allegations in this paragraph.

40.

Defendants deny the allegations in this paragraph.

41.

Defendants deny the allegations in this paragraph.

42.

Defendants deny the allegations in this paragraph.

43.

Defendants deny the allegations in this paragraph.

44.

Defendants deny the allegations in this paragraph.

45.

Defendants deny the allegations in this paragraph.

**PUNITIVE DAMAGES**

46.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 45 of the

Complaint.

47.

Defendants deny the allegations in this paragraph.

**THIRD DEFENSE**

Qualified immunity bars Plaintiff's federal claims because Defendants acted within their discretionary job duties as public officers and did not violate any clearly established constitutional right of Plaintiff.

**FOURTH DEFENSE**

Official immunity protects Defendants from any state law claims because, at all times relevant hereto, they were acting within discretionary functions as law enforcement/detention officers and performing discretionary acts, without malice or intent to injure.

**FIFTH DEFENSE**

Defendants did not breach any duty owed to Plaintiff under the facts and circumstances, and Defendants' alleged acts or omissions did not proximately cause Plaintiff's alleged injuries.

**SIXTH DEFENSE**

Plaintiff's alleged injuries were caused by conditions or persons other than these Defendants.

## SEVENTH DEFENSE

Plaintiff's alleged injuries were directly and proximately caused by the Plaintiff's own voluntary action, contributory and comparative negligence and failure to exercise ordinary care.

## EIGHTH DEFENSE

Defendants' actions were legally authorized and privileged under prevailing law.

## NINTH DEFENSE

If these Defendants were negligent in any manner, then the Plaintiff's negligence equaled or exceeded Defendants' negligence, barring recovery.

## TENTH DEFENSE

To the extent that the Prison Litigation Reform Act (PLRA) applies to this action, the PLRA limits damages available to the Plaintiff, and may provide a ground for dismissal based on lack of exhaustion of administrative remedies.

## ELEVENTH DEFENSE

Plaintiff's alleged injuries were the result of pre-existing conditions for which Defendants are not responsible.

## TWELFTH DEFENSE

Defendants Coach and Boerger challenge venue in this Court.

## THIRTEENTH DEFENSE

Defendants Cleckner and Boerger have not been validly served with process and the Court lacks personal jurisdiction over them.

## FOURTEENTH DEFENSE

Defendants submit that the Middle District of Georgia is the proper district court for this action and Defendants hereby preserve their right to seek transfer to that Court on any legal ground that applies.

WHEREFORE, having fully answered, Defendants pray that judgment be entered in their favor and against the Plaintiff, that Plaintiff takes nothing, and that Defendants be awarded their costs incurred in defending this action.

**TRIAL BY JURY IS DEMANDED.**

                                          WILLAMS, MORRIS & WAYMIRE, LLC

                                          *Jason C. Waymire*
                                          JASON C. WAYMIRE
                                          Georgia Bar No. 742602
                                          TERRY E. WILLIAMS
                                          Georgia State Bar No. 764330
                                          Attorneys for Defendants

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
(678) 541-0790
(678) 541-0789(f)
jason@wmwlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the within and foregoing ANSWER AND DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT on all parties via U.S. Mail and/or the Court's electronic filing system, as follows:

Jordan Johnson<br>
Jessica Burton<br>
5 Dunwoody Park<br>
Suite 100<br>
Atlanta, GA 30338

This 15 day of September, 2022.

                                         WILLIAMS, MORRIS & WAYMIRE, LLC

                                         *Jason C. Waymire*
                                         JASON C. WAYMIRE