IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ADAM SINDELL, | ) | **EXHIBIT TO MSJ REPLY** |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO.  5:22-cv-00365-TES |
| LATONYA COACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES**

Plaintiff states the following:

**Preliminary Statement**

a. The following responses and objections are based on information presently available to this respondent, which this respondent believes to be correct. These responses are made without prejudice to this respondent's right to utilize subsequently discovered facts and documents.

b. These responses may be supplemented on this respondent's further investigation and acquisition of information that respondent either does not possess or cannot locate at this time. But any further supplementation will be made only in accordance with the applicable rules of civil procedure.

1

deposition transcript, etc.) of which you are aware taken from any person with knowledge relevant to this lawsuit or allegations therein, please state the name and address of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of all persons having possession, custody or control of each statement.

**Response:**

Plaintiff does not recall any statements made at this time.

7.

Please state all facts and identify any documents or other evidence that you contend negate EACH Defendant's affirmative defenses in this matter, identifying the defense for each set of facts.

**Response:**

Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Subject to this objection, and without waiving same, Plaintiff asserts that Defendant Deputy Jacob Cleckner used excessive force and attacked Plaintiff without reason. Defendants Coach and Boerger further created what Plaintiff believes to be the conditions that aggravated Plaintiff's injuries, including negligently placing Plaintiff in a chair after a seizure, causing further injuries. Plaintiff believes this conduct was in an

12

attempt to stifle and suppress Plaintiff's right to reasonable objections and consideration of Plaintiff's need to maintain communications with those in the community who support Plaintiff, and Plaintiff's complaint that he was set up to have more books than the number authorized in order to suffer punishment.

Plaintiff, at no time, offered or threatened violence, and was aggressively detained and handcuffed, further delaying Plaintiff's immediately-needed care.  Further, Defendants, having full control over Plaintiff, did not seek appropriate medical care for Plaintiff's head injuries and did not seek a medical doctor.  Defendants did not transport Plaintiff to a hospital, depriving Plaintiff of the level of care he needed for his head injury.  Defendants, by the unnecessary use of aggressive and injurious physical force, violated Plaintiff's right to be free from additional punishment that Plaintiff was not sentenced-to in Plaintiff's conviction.

All documents in Plaintiff's possession which would depict the facts set forth in this interrogatory response are simultaneously produced with Plaintiff's interrogatory responses and responses to Defendants' requests to produce. Such documents may include, but not be limited to, video footage and internal reports.

11.

State the legal basis upon which you contend EACH Defendant should be liable, and identify all supporting facts, documents and/or evidence which support your contentions.

**Response:**

Plaintiff hereby incorporates the response from Interrogatory 7 in response to this interrogatory. Plaintiff further states that Defendants Cleckner and Boerger are liable for the actions of physical contact, including, but not limited to battery and excessive force, and Defendant Coach is liable for all conduct because her co-defendants were acting upon her direction and she failed to intervene when her co-defendants violated Plaintiff's rights.

12.

Identify each expert expected to testify at trial and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and give a brief summary of the grounds for each opinion.  See Rule 26(a)(2) and (b)(4) of the Federal Rules of Civil Procedure.

**Response:**

Plaintiff has not yet decided on calling for expert testimony, but may

16

and not proportional to the needs of this case. Subject to this objection, and without waiving same, Plaintiff does not have information responsive to this interrogatory at this time, but may supplement discovery if such information becomes available.

20.

State the name of every person 16 or older related to you by blood or marriage who resides in the Macon Division of the Middle District of Georgia.

**Response:**

Plaintiff objects to this interrogatory as not relevant. Plaintiff also objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this litigation. Plaintiff further objects on privacy grounds. Subject to these objections, and without waiving same, Plaintiff only has relatives in Houston County, which are his dad, Ray Sindell, his aunt, Jennifer Graves, and his cousins Caleb, Micah and Hannah Graves.

Respectfully submitted, this 25th day of November, 2022.

/s/Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643

Jessica Burton

22

                                                  Georgia State Bar No. 196253
                                                  Attorneys for Plaintiffs

5 Dunwoody Park  
Suite 100  
Atlanta, GA  30338  
404.477.4755  
404.592.9089 (Fax)  
Alex@Justice.Law  
Jessica@Justice.Law

23